THE ATTORNEY GENERAL HAS ASKED THAT I RESPOND TO YOUR RECENT REQUEST FOR AN INFORMAL OPINION REGARDING A POTENTIAL CONFLICT OF INTEREST ON THE PART OF AN APPOINTEE TO THE LONG-RANGE CAPITAL PLANNING COMMISSION ("COMMISSION"). SPECIFICALLY, YOU ASK WHETHER THE ENGINEERING FIRM OF AN APPOINTEE TO THE COMMISSION MAY CONTINUE TO PERFORM CONTRACT WORK FOR OTHER STATE AGENCIES.
IN ADDRESSING CONFLICT OF INTEREST QUESTIONS, THE PRIMARY AREA OF CONCERN IS COMPLIANCE WITH THE OKLAHOMA ETHICS COMMISSION ACT, 74 O.S. 4200 (1991) ET SEQ. THE ACT DEFINES "STATE EMPLOYEE" AS "AN ELECTED OR APPOINTED OFFICER OR EMPLOYEE OF THE EXECUTIVE . . . BRANCH OF STATE GOVERNMENT." 74 O.S. 4202(33). ANY GOVERNMENT OFFICIAL MEETING THIS DEFINITION WILL, OF COURSE, BE SUBJECT TO THE REQUIREMENTS OF THE ACT.
THE ATTORNEY GENERAL HAS CONSISTENTLY TAKEN THE POSITION THAT APPOINTEES TO STATE BOARDS AND COMMISSIONS FALL WITHIN THE DEFINITION OF THE TERM "STATE EMPLOYEE." FOR EXAMPLE, IN A 1987 LETTER, THIS OFFICE ADVISED THAT A DIRECTOR OF THE GRAND RIVER DAM AUTHORITY WAS A "STATE EMPLOYEE" AND AGAIN, IN A 1991 LETTER, THIS OFFICE TOOK THE POSITION THAT EACH MEMBER OF THE OKLAHOMA WATER RESOURCES BOARD WAS A "STATE EMPLOYEE" SUBJECT TO THE RESTRICTIONS OF THE ACT (FOR YOUR INFORMATION, COPIES OF THESE LETTERS ARE ENCLOSED). IT IS, THEREFORE, APPROPRIATE TO CONCLUDE THAT IN THIS INSTANCE AN APPOINTEE TO THE LONG-RANGE CAPITAL PLANNING COMMISSION IS ALSO A "STATE EMPLOYEE."
THE ACT PLACES STRINGENT LIMITATIONS ON TRANSACTIONS BETWEEN STATE AGENCIES AND STATE EMPLOYEES. FIRST, THE ACT MAKES IT UNLAWFUL FOR ANY STATE EMPLOYEE TO:
 "SELL, OFFER TO SELL OR CAUSE TO BE SOLD, EITHER AS AN INDIVIDUAL OR THROUGH ANY BUSINESS ENTERPRISE IN WHICH HE HOLDS A SUBSTANTIAL FINANCIAL INTEREST, GOODS OR SERVICES TO ANY STATE AGENCY, OR TO ANY BUSINESS ENTITY LICENCED BY OR REGULATED BY THE STATE ENTITY(.)"
74 O.S. 4241 (1991). SECOND, THE ACT MAKES IT UNLAWFUL FOR A STATE AGENCY TO "ENTER INTO ANY CONTRACT WITH AN EMPLOYEE OF THE AGENCY, OR WITH A BUSINESS IN WHICH AN EMPLOYEE HOLDS A SUBSTANTIAL FINANCIAL INTEREST).)" 74 O.S. 4243 (CONFLICT OF INTEREST)
THERE IS AN EXCEPTION WHICH PERMITS STATE AGENCIES TO TRANSACT BUSINESS WITH STATE EMPLOYEES IF "THE CONTRACT IS MADE AFTER PUBLIC NOTICE BY THE AGENCY AND COMPLIANCE WITH COMPETITIVE BIDDING PROCEDURES." 74 O.S. 4243 (1991). BUT AS A PRACTICAL MATTER, TRANSACTIONS BETWEEN PERSONS DEEMED TO BE "STATE EMPLOYEES" AND STATE AGENCIES ARE, IN MOST CIRCUMSTANCES, PROHIBITED.
SO IN RESPONSE TO YOUR SPECIFIC QUESTION, THE ENGINEERING FIRM OF AN APPOINTEE TO THE COMMISSION WOULD BE PROHIBITED FROM ENGAGING IN CONTRACT WORK WITH STATE AGENCIES UNLESS SUCH CONTRACT WAS AWARDED THROUGH A COMPETITIVE BID PROCESS AFTER NOTICE TO THE PUBLIC.
IN ADDITION TO THE FOREGOING LIMITATIONS, THE ACT RESTRICTS THE ABILITY OF A STATE EMPLOYEE TO ENGAGE IN OTHER EMPLOYMENT. THE ACT MAKES IT UNLAWFUL FOR A STATE EMPLOYEE TO:
 "ACCEPT OR SOLICIT OTHER EMPLOYMENT WHICH WOULD IMPAIR HIS INDEPENDENCE OF JUDGMENT IN THE PERFORMANCE OF HIS PUBLIC DUTIES." 74 O.S. 4241. THE STATUTE IS CLEARLY MEANT TO EFFECTUATE THE LEGISLATIVE INTENTION THAT "NO OFFICER OR EMPLOYEE OF ANY GOVERNMENTAL ENTITY . . . HAVE ANY INTEREST, FINANCIAL OR OTHERWISE, DIRECT OR INDIRECT; ENGAGE IN ANY BUSINESS TRANSACTION OR PROFESSIONAL ACTIVITIES; OR INCUR ANY OBLIGATION OF ANY NATURE THAT IS IN SUBSTANTIAL CONFLICT WITH THE PROPER DISCHARGE OF HIS DUTIES IN THE PUBLIC INTEREST(.)" 74 O.S. 4201 (1991).
WHETHER AND HOW THIS PROVISION WOULD IMPACT UPON A PARTICULAR APPOINTEE TO THE COMMISSION WOULD, OF COURSE, BE DEPENDENT UPON THE FACTS AND CIRCUMSTANCES OF EACH PARTICULAR CASE.
IN CLOSING, I NOTE THAT DURING THE LAST SESSION THE LEGISLATURE ENACTED H.J.R. 1077 WHICH MADE SUBSTANTIAL AMENDMENTS TO THE ETHICS COMMISSION ACT. THE VALIDITY OF THE NEW ACT — PORTIONS OF WHICH ARE SCHEDULED TO TAKE EFFECT JANUARY 1, 1993; OTHER PORTIONS OF WHICH ARE SCHEDULED TO TAKE EFFECT JANUARY 4, 1994 — IS CURRENTLY BEING LITIGATED BEFORE THE OKLAHOMA SUPREME COURT. IN ANY EVENT, MY REVIEW OF THE NEW ACT DISCLOSES THAT THE AMENDMENTS DO NOT RESULT IN ANY SUBSTANTIAL CHANGE TO THE ANALYSIS OUTLINED ABOVE.
(K. W. JOHNSTON)